MOSES JOURNEY v. WILLIAM H. PIERCE.

Notice of protest and non-payment of a promissory note written and served on the right day upon an endorser of the note, will not be vitiated by a mere error, or mistake in the date of the notice, but the same will be a sufficient notice of protest.

ASSUMPSIT on a promissory note dated Nov. 15, 1858, for $257, payable sixty days after date at the Union Bank in Wilmington, by James Giffin to the order of William H. Pierce, the defendant, and by him endorsed to Moses Journey, the plaintiff.

The proof was that Joseph W. Day, a notary public, had presented the note on the 15th day of January, 1859, at the Union Bank for payment and received for answer that the maker had no funds there to meet it, on which he protested it for non-payment and the same day gave written notice thereof to the defendant, the endorser.

The notice, however, by mistake, was dated the 14th instead of the 15th of January; but it was in fact written and served on the latter day. The defendant at the time made no objection to the notice, or said any thing in regard to the error in the date of it, but expressed some surprise that Giffin, the maker, had not paid it, and spoke of obtaining an extension of the time to enable him to do it. On a subsequent day the defendant called on the notary and said to him that there was a mistake in the notice which bore date the 14th of January, and which was before the note was payable, but he had not discovered it until afterwards, and that he had been advised that in consequence of this fact, he was not bound to pay it.

*L. E. Wales,* for the defendant, made a motion to nonsuit the plaintiff on the ground of the insufficiency of the notice of protest to the defendant and cited in support of it, *Story on Prom. Notes, sec.* 353. *Ransom et al. v. Mack,* 2 *Hill* 587. *Wynn v. Alden,* 4 *Denio.* 163 *Smith v. Whiting,* 12 *Mass.* 6 *in note. Farnum v. Fowle,* 12 *Mass.* 92. *Bank of Wilmington and Brandywine v. Cooper's Admr.* 1 *Harr.* 16.

*Du Pont,* for the plaintiff, cited in reply *Shelton et al. v. Breathwait,* 4 *Mees. and Wels,* 435. *Stockman v. Parr,* 11 *Mees. and Wels,* 809. 1 *Amer. Lead. Cases* 368. *Mills v. Bank of U. S.,* 11 *Wheat,* 431. *Crocker v. Gitchell,* 23 *Maine Rep.* 392.

*By the Court :* We must refuse the motion for a non-suit. The objection on which it is founded, is to the sufficiency of the notice of protest served on the defendant, the endorser of the note, the notice by mistake having been dated on the 14th instead of the 15th of January, 1859, when the note became due, although it is proved and admitted that the demand, protest and notice were made and given on the 15th instead of the 14th of the month.

23

Notwithstanding there appears to be some discrepancy and conflict between the cases cited in the argument by counsel, we understand the better and later authorities to decide, that where the note is misdescribed in the notice, the latter will not be held insufficient, unless the error is of such a nature as to mislead the endorser, which could not have been the case here. A copy of the notice in this case is in evidence and is now before us, and the note in question is very fully and correctly, and even minutely described in it; the only error being in the date of the notice itself, there being none, however, in the actual time of the demand, protest and of preparing and serving the notice on the defendant; all of which was on the right day, on the 15th, and not on the 14th of January, as is incorrectly stated in the date of the notice. As the error in this particular merely, has been clearly rectified by the evidence of the protesting officer who gave it, and there was nothing in it, we think, to mislead, or deceive the defendant in regard to the note referred to in it, we must hold the notice to be sufficient, and refuse the motion for a nonsuit.